Mary B. McCord, Admitted Pro Hac Vice
*mbm7@georgetown.edu*
Amy L. Marshak, Admitted Pro Hac Vice
*as3397@georgetown.edu*
Annie L. Owens, Admitted Pro Hac Vice
*ao700@georgetown.edu*
Jennifer Safstrom, Admitted Pro Hac Vice
*jsafstrom@georgetown.edu*
Seth Wayne, Admitted Pro Hac Vice
*sw1098@georgetown.edu*
INSTITUTE FOR CONSTITUTIONAL
    ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C.  20001
Tel.:  (202) 662-9042
Fax:  (202) 662-9248

Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AHNIAH SELENE; KASSIE HOWE; DISABILITY ACTION CENTER – NORTHWEST, INC.; DISABILITY RIGHTS IDAHO; LIVING INDEPENDENCE NETWORK CORPORATION IDAHO; LIFE, A CENTER FOR INDEPENDENT LIVING; AND INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>                          Plaintiffs,<br><br>     v. | Case No. 1:21-cv-00021-DCN<br><br>**STIPULATED MOTION TO ENTER CONSENT DECREE** |

| |
|---|
| LEGISLATURE OF THE STATE OF IDAHO, <br><br> SCOTT BEDKE, in his official capacity as Speaker of the House of Representatives of the State of Idaho, <br><br> CHUCK WINDER, in his official capacity as President Pro Tempore of the Idaho State Senate, <br><br>                    Defendants. |

COME NOW Plaintiffs Ahniah Selene; Kassie Howe; Disability Action Center – Northwest, Inc.; DisAbility Rights Idaho; Living Independence Network Corporation Idaho; Life, A Center For Independent Living; and Intermountain Fair Housing Council ("Plaintiffs") and Defendants the Legislature of the State of Idaho, Scott Bedke, in his official capacity as Speaker of the House of Representatives of the State of Idaho, and Chuck Winder, in his official capacity as President Pro Tempore of the Idaho State Senate ("Defendants") and stipulate and move this Court to enter the attached Consent Decree negotiated and agreed to among the parties.  Good cause exists to grant this Motion as it resolves the action currently pending.

DATED:  March 4, 2021.                STOEL RIVES LLP

                                       /s/ Wendy J. Olson
                                      Wendy J. Olson
                                      Elijah M. Watkins
                                      *Attorneys for Plaintiffs*

DATED:  March 4, 2021.                HOLLAND & HART LLP

                                       /s/ William G. Myers III
                                      William G. Myers III
                                      A. Dean Bennett
                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 4, 2021, I served a copy of the foregoing **STIPULATED MOTION TO ENTER CONSENT DECREE** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

  William G. Myers III – wmyers@hollandhart.com

  A. Dean Bennett – adbennett@hollandhart.com

  *Attorney for Defendants*

              /s/ Wendy J. Olson
              Wendy J. Olson
              Elijah M. Watkins

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AHNIAH SELENE; KASSIE HOWE; DISABILITY ACTION CENTER – NORTHWEST, INC.; DISABILITY RIGHTS IDAHO; LIVING INDEPENDENCE NETWORK CORPORATION IDAHO; LIFE, A CENTER FOR INDEPENDENT LIVING; AND INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>LEGISLATURE OF THE STATE OF IDAHO; SCOTT BEDKE in his official capacity as Speaker of the House of Representatives of the State of Idaho; CHUCK WINDER, in his official capacity as President Pro Tempore of the Idaho State Senate<br><br>Defendants. | CASE NO. 1:21-cv-00021-DCN<br><br>**CONSENT DECREE** |

On January 11, 2021, Plaintiffs Ahniah Selene, Kassie Howe, Disability Action Center – Northwest, Inc., DisAbility Rights Idaho, Living Independence Network Corporation, Life, a Center for Independent Living, and Intermountain Fair Housing Council (collectively "Plaintiffs") filed a Complaint for Declaratory and Injunctive Relief (Dkt. 1) alleging claims under 42 U.S.C. § 1983; the First and Fourteenth Amendments to the United States Constitution; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* against Defendants, Legislature of the State of Idaho, Scott Bedke, Speaker of the House of Representatives of the State of Idaho, in his official capacity, and Chuck Winder, President Pro Tempore of the Idaho State Senate, in his official capacity, (collectively "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

CONSENT DECREE - 1
109877846.1 0099828-00003

On January 11, 2021, Plaintiffs filed a Motion for Temporary Restraining Order (Dkt. 2) ("TRO Motion"). After briefing, the Court denied the TRO Motion in a written Memorandum Decision and Order dated January 22, 2021 (Dkt. 24). As set forth in the filings in opposition to the TRO Motion, Defendants do not admit any violation of law.

Notwithstanding, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation between the Parties. The Court also finds that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, without the adjudication or admission of any issue of fact except as provided herein, and without the adjudication of any issue of law, except as previously made in the Court's Memorandum Decision and Order (Dkt. 24), with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), this Court has subject-matter jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 1983; the First and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*

2. Venue is proper in the United States District Court for the District of Idaho under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims stated in the Complaint occurred in this District and because the Idaho State Capitol and the offices of Defendants are located in this District.

## II. PARTIES

1. Plaintiff Ahniah Selene is a resident of Boise, Idaho.

2. Plaintiff Kassie Howe is a resident of the Treasure Valley in Idaho.

3. Plaintiff Disability Action Center – Northwest, Inc. is a 501(c)(3) nonprofit organization with offices in Lewiston, Moscow, and Post Falls, Idaho.

4. Plaintiff DisAbility Rights Idaho is a 501(c)(3) nonprofit organization with offices in Boise and Pocatello, Idaho.

5. Plaintiff Living Independence Network Corporation Idaho is a 501(c)(3) nonprofit organization with offices in Boise, Caldwell, and Twin Falls, Idaho.

6. Plaintiff Life, a Center for Independent Living,, is a 501(c)(3) nonprofit organization with offices in Blackfoot, Burley, Idaho Falls, and Pocatello, Idaho.

7. Plaintiff Intermountain Fair Housing Council is a nonprofit organization located in Boise, Idaho.

8. Defendant Legislature of the State of Idaho is a state governmental entity vested with the legislative power of the State of Idaho under Article III, section 1 of the Idaho Constitution.

9. Defendant Scott Bedke is the Speaker of the House of Representatives of the State of Idaho. Bedke is an officer of the Idaho House of Representatives pursuant to Article III, section 9 of the Idaho Constitution.

10. Defendant Chuck Winder is the President Pro Tempore of the Idaho State Senate. Winder is an officer of the Idaho Senate pursuant to Article III, section 9 of the Idaho Constitution.

### III. BACKGROUND

1. In the Complaint (Dkt 1.), Plaintiffs alleged that Plaintiffs or their members have disabilities that make them particularly susceptible to complications from COVID-19.

2. Plaintiffs further alleged that they or their members were unable to testify at committee hearings or otherwise participate fully in the legislative process without substantial risk to their own health and safety.

3. Plaintiffs asserted that Defendants have an obligation to implement reasonable modifications to their policies and practices to allow Plaintiffs to participate fully in the legislative process without harm to their health.

4. Plaintiffs requested that Defendants allow for remote participation by Plaintiffs and assurances that remote participation will be treated the same as in-person participation. Plaintiffs also requested that Defendants provide instructions to Plaintiffs and the members of the public about how they may request the opportunity to participate using remote access technology.

## IV. SETTLEMENT

1. Defendants agree to leave all currently placed video cameras in all meeting rooms in the Idaho Capitol where Standing Committee meetings are held, either by the House or the Senate, or jointly. Defendants also agree to leave in place the video cameras in the House Chamber and the Senate Chamber.

2. Defendants agree to continue use of the currently placed cameras, and through a partnership with Idaho Public Television ("IPTV"), to provide a live stream of all Standing Committee meetings and Chamber sessions of the House and the Senate.

3. Defendants agree to maintain a prominent link on the home page of the official website of the Idaho Legislature to direct users to information regarding committee accessibility and remote testimony ("Information Page"). The Information Page will remain in all material respects the same as it exists on the date of the execution of this Consent Order. Further,

Defendants agree to abide by and maintain the protocols and accessibility features as described on the Information Page including the "Remote Testimony Meeting Protocols."

4. Defendants, through the Legislative Services Office ("LSO"), will consult with an independent third party with expertise in the U.S. Access Board Guidelines for Sections 508 of the Rehabilitation Act as they pertain to digital accessibility. This third party will assess the processes, webpages, and documents necessary for the public to access the text of a bill, committee meeting agendas and minutes, and remote testimony registration and participation. The third party will make recommendations to LSO to improve digital accessibility. Defendants will pay the third party's actual fees and costs not to exceed $5500. LSO will collaborate with the Idaho Commission for the Blind and Visually Impaired to implement those recommendations during the current legislative session unless Defendants can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue financial and administrative burden.

5. During committee meetings where public testimony is taken, committee chairs will make reasonable efforts to give individuals testifying remotely the same amount of time allotted to individuals testifying in-person. Chairs will also make reasonable efforts to provide equal opportunities for in-person and remote testimony, and remote testimony will be given the same weight as in-person testimony. Chairs will intersperse the testimony of persons testifying remotely with the testimony of those testifying in person.

6. Defendants agree to continue with the designation of capacity limitations in committee rooms to provide socially distanced seating. Further, Defendants agree that upon request, to accommodate live testimony, they will make a seating space that provides six feet of physical distancing for accessible seating in committee rooms.

7. Defendants agree to continue with the designation of overflow rooms to facilitate social distancing.

8. Defendants agree to maintain the placement of posters throughout the Capitol to encourage mask wearing and social distancing.

9. Defendants agree to continue the use of HEPA air purifiers throughout the Capitol and the use of the high-efficiency MERV 13 filters currently placed.

10. Defendants agree to maintain the reconfiguration of the Capitol's HVAC system to pull the maximum amount of fresh air into the building they also agree to run that system 24 hours a day to achieve maximum air exchange.

11. Defendants agree to maintain the placement of hand sanitizer stations throughout the Capitol.

12. Defendants agree to continue the placement of free disposable masks throughout the Capitol.

## V. RELEASE, COVENANT NOT TO SUE, AND DISMISSAL WITH PREJUDICE

In consideration of Defendants' performance of the terms specified under Section IV of this Consent Decree, Plaintiffs hereby fully release and covenant not to sue Defendants and their respective successors, assigns, affiliates, employees, agents, attorneys, and representatives, as to each and every claim specifically alleged in the Complaint for the period of the Idaho Legislature's 66th First Regular Session.

## VI. PARTIES BOUND

This Consent Decree shall apply to and be binding upon Plaintiffs and Defendants including their successors and assigns. The Parties do not intend to create in any other individual or entity the status of third-party beneficiary, and this Consent Decree shall not be construed to create such status. The rights, duties, and obligations contained in this Consent Decree shall

operate among the Parties to this Consent Decree. Nothing in this Consent Decree relieves Defendants of their duties to comply with applicable law. Further, nothing in this Consent Decree precludes Plaintiffs from pursuing claims based on alleged future violations of the law.

### VII. TERMS NOT SEVERABLE

The terms of this Consent Decree, which embody the comprehensive settlement between the Parties, are not severable.

### VIII. RESERVATION OF RIGHT

By signing this Consent Decree, Defendants do not admit or acknowledge any violation of Plaintiffs' rights under 42 U.S.C. § 1983; the First and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.; or the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. Further, by entering this Consent Decree, Defendants do not admit the validity of any allegation contained in the Complaint.

### IX. TERMINATION OF CONSENT DECREE

The terms and conditions of this Consent Decree shall terminate upon the conclusion of the Idaho Legislature's 66th First Regular Session, Defendants' filing of written notice to the Court confirming the adjournment sine die of the First Regular Session, and the Court's entry of a Termination and Dismissal Order.

### X. ATTORNEYS' FEES AND COSTS OF ACTION

Each party shall bear its own attorneys' fees and costs of this action.

### XI. RETENTION OF JURISDICTION

This Court shall retain jurisdiction to enforce the terms and conditions of this Consent Decree, to enter such orders as are appropriate under the Consent Decree, and to resolve all disputes as may be necessary or appropriate for the construction of or to carry out the terms of this Consent Decree until it is terminated as provided herein.

## XII. INFORMAL RESOLUTION AND ENFORCEMENT

The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiffs may move this Court to impose any remedy authorized by law.

## XIII. AUTHORITY

The signatories hereto certify that they are duly authorized to bind the Parties to this Consent Decree.

**DATED** this ____ day of _____ 2021.

_____
District Court Judge

**WE HEREBY CONSENT** to the entry of this Consent Decree:

FOR THE LEGISLATURE OF THE STATE OF IDAHO, SCOTT BEDKE, AND CHUCK WINDER:

_Scott Bedke_                                    3/3/21
Speaker of the House of Representatives          Date
of the State of Idaho, in his official capacity

_Chuck Winder_                                   3/3/2021
Chuck Winder, President Pro Tempore              Date
of the Idaho State Senate, in his official
capacity

/s/ Ahniah Selene                                3/2/21
Ahniah Selene                                    Date

_Kassie Howe_                                    3/2/21
Kassie Howe                                      Date

CONSENT DECREE - 8
109877846.1 0099828-00003

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By: *Mark Leeper*            03/02/2021
                                                Date

FOR DISABILITY RIGHTS IDAHO

By:_____ _____
                                                Date

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By:_____ _____
                                                Date

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By:_____ _____
                                                Date

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By:_____ _____
                                                Date

CONSENT DECREE - 9
109877846.1 0099828-00003

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By:_____

                                                                                    _____
                                                                                    Date

FOR DISABILITY RIGHTS IDAHO

By:___[signature]_____

                                                                                    ___3/2/21_____
                                                                                    Date

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By:_____

                                                                                    _____
                                                                                    Date

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By:_____

                                                                                    _____
                                                                                    Date

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By:_____

                                                                                    _____
                                                                                    Date

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By:_____

Date

FOR DISABILITY RIGHTS IDAHO

By:___[signature]_____

3/2/21
Date

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By:_____

Date

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By:_____

Date

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By:_____

Date

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By:_____

_____
Date

FOR DISABILITY RIGHTS IDAHO

By:_____

_____
Date

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By: _/s/_____

3.2.21
Date

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By:_____

_____
Date

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By:_____

_____
Date

CONSENT DECREE - 9
109877846.1 0099828-00003

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By:_____

Date_____

FOR DISABILITY RIGHTS IDAHO

By:_____

Date_____

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By:_____

Date_____

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By: *Heather Clarke*       3/2/21

Date

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By:_____

Date_____

FOR DISABILITY ACTION CENTER – NORTHWEST, INC.:

By:_____

Date _____

FOR DISABILITY RIGHTS IDAHO

By:_____

Date _____

FOR LIVING INDEPENDENCE NETWORK CORPORATION

By:_____

Date _____

FOR LIFE, A CENTER FOR INDEPENDENT LIVING

By:_____

Date _____

FOR INTERMOUNTAIN FAIR HOUSING COUNCIL

By: _[signature]_

Date March 2, 2021